IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GLORIA DOUGHERTY &** | : | **CIVIL ACTION** |
| **WILLIAM DOUGHERTY** | : | |
| | : | |
| v. | : | |
| | : | |
| **PUBLISHER'S CLEARING HOUSE** | : | |
| | : | |
| v. | : | |
| | : | |
| **METRO MARKETING, INC.** | : | **NO. 02-4090** |

### MEMORANDUM ORDER

Plaintiffs initiated this action in the Philadelphia Court of Common Pleas from which it was timely removed by defendant who has now joined a third-party defendant. Plaintiffs allege that a gravy boat they purchased from defendant, and apparently supplied by third-party defendant Metro Marketing, exploded while being used by them during dinner. Gloria Dougherty has asserted strict product liability, negligence and breach of warranty claims. William Dougherty has asserted a claim for loss of consortium.

Presently before the court is plaintiffs' motion to remand. Complete diversity of citizenship is clear and uncontested. The sole issue is whether the requisite amount in controversy is satisfied.

Plaintiffs damage claims are open-ended. Mrs. Dougherty asks for a judgment "in excess of $50,000." On his loss of consortium claim, Mr. Dougherty seeks a judgment "not in

excess of $50,000." Counsel for plaintiffs avers in an affidavit submitted with the present motion that the value of the claims of neither plaintiff exceeds $75,000 and states that "plaintiffs have definitively limited their claims to a sum below the jurisdictional threshold of this Court."

The party asserting federal jurisdiction has the burden of demonstrating that the requisite amount in controversy is satisfied. See McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 222 (3d Cir. 1999). Courts have applied various standards of proof, and different permutations of those standards, in assessing whether a removing defendant has shown the requisite amount in controversy. The court is satisfied that a preponderance of the evidence is the appropriate standard. See Penn v. Wal-Mart Stores, Inc., 116 F. Supp. 2d 557, 565 (D.N.J. 2000); Irving v. Allstate Indem. Co., 97 F. Supp. 2d 653, 654 (E.D. Pa. 2000).

The amount in controversy is determined as of the time of removal. Meritcare, 166 F.3d at 217; Kobaissi v. American Country Ins. Co., 80 F. Supp. 2d 488, 489 (E.D. Pa. 2000). A plaintiff's subsequent stipulation that damages do not exceed the jurisdictional amount will not defeat removal. See Angus v. Shiley Inc., 989 F.2d 142, 145 (3d Cir. 1993); Kobaissi, 80 F.

Supp. 2d at 489; Mercante v. Preston Trucking Co., Inc., 1997 WL 230826, *5 (E.D. Pa. May 1, 1997).

Punitive damages are considered in assessing the amount in controversy when such damages are available and plaintiff has alleged conduct sufficient to obtain them under applicable substantive law. See Bell v. Preferred Life Assur. Soc., 320 U.S. 238, 240 (1942); Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1046 (3d Cir. 1993); Gray v. Occidental Life Ins. Co., 387 F.2d 935, 936 (3d Cir. 1968); Burkhardt v. Contemporary Services Corp., 1998 WL 464914, *3 (E.D. Pa. Aug. 7, 1998).

The claims of multiple plaintiffs which are separate and distinct cannot be aggregated for purposes of determining the amount in controversy. See Meritcare Inc., 166 F.3d 214, 218. The nature of a claim is determined by looking to applicable state law. See Penn, 116 F. Supp. 2d at 568 n.12. Although a loss of consortium claim is derivative of the spouse's underlying claim, it is considered a separate and distinct claim under Pennsylvania law. See Barchfeld v. Nunley, 577 A.2d 910, 913 (Pa. Super. 1990). See also Sdregas v. Home Depot, Inc., 2002 U.S. Dist. LEXIS 12159 *7 (E.D. Pa. April 4, 2002) (loss of consortium claim may not be aggregated); Burkhart, 1998 WL 464914 at *2 (same).

Where the amount of damages is not specified, the court must make its own appraisal and assess the reasonable value of

3

the rights being litigated.  See Angus, 989 F.2d at 145-46; Bachman, 173 F. Supp. 2d at 323.

Any doubts about the existence of federal jurisdiction are resolved in favor of remand.  See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992); Bachman Co. v. McDonald, 173 F. Supp. 2d 318, 322 (E.D. Pa. 2001); Orndorff v. Allstate Ins. Co., 896 F. Supp. 173, 174 (E.D. Pa. 1995).

Plaintiffs allege that Mrs. Dougherty sustained injuries which "are or may be serious, severe and permanent" and suffered "severe physical pain, mental anguish and humiliation." Boilerplate allegations of "serious, permanent and severe injuries" do not alone demonstrate a likelihood of damages exceeding $75,000.  See Fosbenner v. Wal-Mart Stores, Inc., 2001 WL 1231761, *3 (E.D. Pa. Oct. 12, 2001).[1]  The only injuries actually alleged are bruises, contusions and lacerations.  It is alleged that she will "expend various sums of money" for medical attention and has sustained an unspecified loss of income. Without further information, the court is left to speculate about the actual extent of economic damages.  See id.[2]

Punitive damages are available in tort cases under Pennsylvania law where a defendant's conduct is "outrageous"

---

[1] The complaint was drafted well over three years from the time of the accident.  That plaintiffs are still qualifying their allegations regarding the injuries claimed with terms like "are or may be serious, permanent and severe" suggests they also may not be.

[2] There is no contention that the reasonable value of Mr. Dougherty's consortium claim exceeds $75,000 and indeed he is expressly seeking judgment in a lesser amount.

because of its evil motive or reckless indifference to the rights or safety of others. Donaldson v. Bernstein, 104 F.3d 547, 557 (3d Cir. 1997). Reckless indifference in this context means more than even gross negligence. A plaintiff must show that the defendant knew or had reason to know of facts creating a high degree of risk of physical injury to others and then deliberately acted, or failed to act, in conscious disregard of or with indifference to that risk. See Martin v. Johns-Manville Corp., 494 A.2d 1088, 1098 (Pa. 1985). Plaintiffs have not alleged specific facts from which one could reasonably discern such outrageous conduct by defendant.[3] There is no basis on which the court can conclude that an award of punitive damages, let alone a significant award, is at all likely.[4]

---

[3] That such facts may conceivably be learned through subsequent discovery cannot alter a decision which must be made as of the time of removal.

[4] Defendant notes that it is clear from the face of the complaint that this action was initiated three and a half years after the alleged explosion of the gravy boat on January 20, 1999, and thus the tort claims appear to be barred by the applicable two-year statute of limitations. The limitations period for a breach of warranty claim is four years. See Pitts v. Northern Telecom, Inc., 24 F. Supp. 2d 437, 443 (E.D. Pa. 1998); Patton v. Mack Trucks, Inc., 519 A.2d 959, 966 (Pa. Super. 1986). Absent proof of fraud, however, punitive damages are not available for breach of warranty. See English v. Mentor Corp., 69 F.3d 477, 481 (3d Cir. 1995), vacated on other grounds, 518 U.S. 1030 (1996). At least one court has remanded a case upon determining that a claim providing for punitive damages necessary to satisfy the amount in controversy requirement was facially time barred. See Lerer v. Ultra Scan, Inc., 770 F. Supp. 51, 53 (D.N.H. 1990). Such a determination regarding the timeliness and viability of a claim, however, is not necessary to a decision regarding jurisdiciton in the instant case and the court makes none.

5

There is a paucity of information about the actual injuries and economic loss allegedly sustained. When a court must guess or speculate about the value of a claim, the defendant has not carried his burden. See Irving, 97 F. Supp. 2d at 656. The court cannot conscientiously conclude on the record presented that the reasonable value of the claims at issue likely exceeds $75,000.

**ACCORDINGLY,** this          day of August, 2002, upon consideration of plaintiff's Motion to Remand (Doc. #4) and in the absence of any response timely thereto, **IT IS HEREBY ORDERED** that said Motion is **GRANTED** and, pursuant to 28 U.S.C. § 1447(c), this action is **REMANDED** to the Court of Common Pleas of Philadelphia.

**BY THE COURT:**

_____
**JAY C. WALDMAN, J.**